# United States District Court
## for the Northern District of Oklahoma

Case No. 25-cv-615-JDR-SH

UNITED STATES OF AMERICA,

*Plaintiffs*,

*versus*

TWO RUGER 57 PISTOLS,

*Defendant*.

## OPINION AND ORDER

The United States has moved for an entry of judgment forfeiting two firearms: a Ruger 57, 5.7 7x28mm semi-automatic pistol, serial number 643-92778, and a Ruger 57, 5.7 7x28mm semi-automatic pistol, serial number 643-92773. Dkt. 15. The Court denies the motion without prejudice.

The Government argues that forfeiture is proper under 18 U.S.C. § 924(d) because the firearms were involved in or used in a violation of 18 U.S.C. § 922(a)(3). That statute prohibits any person from "transport[ing] into or receiv[ing] in the State where he resides . . . any firearm purchased or otherwise obtained by such person outside that State . . . ." 18 U.S.C. § 922(a)(3). To warrant forfeiture, there must be clear and convincing evidence of a willful violation of § 922(a)(3). *See* 18 U.S.C. 924(d)(1) (providing that any firearm used in a "willful violation of any other provision of this chapter" is subject to forfeiture).[1] In other words, there must be clear and convincing

[1] Section 924 permits forfeiture of firearms involved or used in "knowing" violations of § 922(a)(4), (a)(6), and other subsections of § 922. Mere knowledge is not sufficient to support forfeiture of a firearm involved in a violation of § 922(a)(3).

evidence that the actor engaging in the prohibited conduct knew that his conduct was unlawful. *See also Bryan v. United States*, 524 U.S. 184, 195-98 (1998) (recognizing that knowledge that conduct is unlawful is sufficient to establish willfulness).

The problem here is that there is no evidence of a *willful* violation of § 922(a)(3). The evidence provided by ATF Special Agent Ben Nechiporenko establishes the following: In 2024, a Tulsa licensed firearms dealer, High-End Armament Technologies, Inc. ("HEAT"), learned that some of its packages were being diverted to another location and signed for by one of its customers, James John Peterschmidt. Dkt. 2 at 5. Soon afterward, HEAT learned that Mr. Peterschmidt had ordered the two firearms at issue in this case from a firearms dealer in Seattle, Washington. *Id.* at 6. Those firearms were initially destined for delivery to HEAT via Federal Express, but Mr. Peterschmidt requested that the package be held at a FedEx OnSite location. *Id.* Mr. Peterschmidt attempted to collect the firearms from the OnSite location, where he was met by ATF agents. The agents took custody of the package and interviewed Mr. Peterschmidt, who advised that he intended to take the firearms to HEAT to complete the transfer, as he had done in the past. HEAT denied that he had ever brought firearms in for that purpose. *Id.*

These facts fall short of the line required to justify an order of forfeiture. The affidavit does not set forth any factual allegations concerning Mr. Peterschmidt's state of mind. Although Agent Nechiporenko stated that he had probable cause to believe the firearms were involved in a willful violation of 18 U.S.C. § 922(a)(3), *see id.*, willfulness must be established "by clear and convincing evidence," not probable cause, and Agent Nechiporenko's affidavit is silent as to whether Mr. Peterschmidt knew that what he was doing (whether that was purchasing the firearms or diverting them for delivery) was unlawful. 18 U.S.C. § 924(d)(1). Perhaps the Government has sufficient information to establish, by clear and convincing evidence, that Mr. Peterschmidt willfully violated § 922, but it has not done so yet. The motion for an

order of forfeiture is denied without prejudice to refiling with supplemental evidence regarding Mr. Peterschmidt's state of mind.

DATED this 22d day of October 2026.

JOHN D. RUSSELL
*United States District Judge*